**BARDAHL MANUFACTURING CORPORATION, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 25410.**

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1971.

Joseph H. Trethewey, Meade Emory, Seattle, Wash., for plaintiff-appellant.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Bennet N. Hollander, William S. Estabrook, Dept. of Justice, Washington, D. C., Stan Pitkin, U. S. Atty., William H. Rubidge, Asst. U. S. Atty., Seattle, Wash., of counsel, for defendant-appellee.

Before HAMLEY and HUFSTEDLER, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

The taxpayer appeals from a judgment of the district court rejecting its claim for refund of $51,946.29 in interest on deficiencies in the payment of accumulated earnings tax imposed under section 531 of the Internal Revenue Code of 1954 in respect of the taxable years 1956 through 1959.

The district court held, in accordance with the Government's contention, that interest on the deficiencies accrued from the due date of the taxpayer's federal returns, following the general rule prescribed by section 6601(a) of the 1954 Code.[1] It rejected the taxpayer's argu-

---

\* Hon. Russell E. Smith, United States District Court Judge for the District of Montana, sitting by designation.

1. The pertinent provisions of § 6601 are as follows:

Sec. 6601. *Interest on underpayment, nonpayment, or extensions of time for payment, of tax.*

(a) *General rule.*—If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the rate of 6 percent per annum shall be paid for the period from such last date to the date paid.

(c) *Last date prescribed for payment.*—For purposes of this section, the last date prescribed for payment of the tax shall be determined under chapter 62 with the application of the following rules:

(4) *Last date for payment not otherwise prescribed.*—In the case of taxes payable by stamp and in all other cases in which the last date for payment is not otherwise prescribed, the last date for payment shall be deemed to be the date the liability for tax arises (and in no event shall be later than the date notice and demand for the tax is made by the Secretary or his delegate).

ment that interest accrued from the date upon which the Internal Revenue Service sent the taxpayer formal notice and demand for payment of the accumulated earnings tax because the tax imposed by section 531 is a "penalty, additional amount, or addition to the tax" within the meaning of section 6601(f) (3) of the 1954 Code.[2]

After the district court decided this case, the opinions came down in Motor Fuel Carriers, Inc. v. United States (1970) 420 F.2d 702, 190 Ct.Cl. 385 and Ray E. Loper Lumber Co. v. United States (6th Cir. 1971) 444 F.2d 301, each of which deals with the identical problem.

It is unnecessary to describe the elaborate arguments advanced in the case at bench because their substance is fully explored in *Motor Fuel Carriers, Inc.,* and *Ray E. Loper Lumber Co.*

We adopt the reasoning of *Motor Fuel Carriers, Inc.,* in support of its conclusion that section 6601(f) (3) controls. Accordingly, we hold that the taxpayer is not liable for interest on the deficiency in accumulated earnings tax which it has paid within 10 days of demand.

The judgment is reversed.

---

(f) *Applicable rules.*—Except as otherwise provided in this title—

(1) *Interest treated as tax.*—Interest prescribed under this section on any tax shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.

(2) *No interest on interest.*—No interest under this section shall be imposed on the interest provided by this section.

(3) *Interest on penalties, additional amounts, or additions to the tax.*—Interest shall be imposed under subsection (a) in respect of any assessable penalty, additional amount, or addition to the tax only if such assessable penalty, addi-

tional amount, or addition to the tax is not paid within 10 days from the date of notice and demand therefor, and in such case interest shall be imposed only for the period from the date of the notice and demand to the date of payment.

2. Except as otherwise provided in this title—

.  .  .  .  .

Interest shall be imposed under subsection (a) in respect of any assessable penalty, additional amount, or addition to the tax only if such assessable penalty, additional amount, or addition to the tax is not paid within 10 days from the date of notice and demand therefor, and in such case interest shall be imposed only for the period from the date of the notice and demand to the date of payment.