In re Morley and Cheryl
WEINBERG, Debtors.

Bankruptcy No. 86–02508–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

May 20, 1987.

Robert L. Roth, Miami, Fla., trustee.

Michael A. Frank, Frank, Schmitt & Frank, P.A., North Bay Village, Fla., Jose F. DeLeon, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Leon B. Kellner, U.S. Atty., Civ. Div., John T. Lyons, Dist. Counsel, I.R.S., Miami, Fla., for debtors.

### ORDER ON OBJECTION TO CLAIM NO. 4 (IRS)

THOMAS C. BRITTON, Chief Judge.

The objection (C.P. No. 19) of the debtor husband to Claim No. 4 filed by the IRS was heard on April 29. The objection is overruled and the claim is allowed in the amount of $59,252.

The claim is for the 100 percent penalty assessed against the debtor husband when Florida Service Network, Inc. failed to pay taxes withheld from the employees for the five quarterly periods ending December 31, 1983 through December 31, 1984. The statute imposes the tax upon:

> "any person required to collect, truthfully account for, and pay over any tax ... who willfully fails to collect such tax, or truthfully account for and pay over such tax." I.R.C. § 6672.

The debtor, Weinberg, formed the corporation in question here to engage in television repairs and service with an individual, Redmond, then an employee of Weinberg in another corporation engaged in television repairs and service. Red-

mond, through another corporation owned by him, sold television service contracts to department stores in this area, and the newly formed corporation performed the service work required by the contracts.

The new corporation was financed by a bank loan of about $250,000. Weinberg's home, together with other property, was pledged as collateral.

Redmond was the president of the new corporation and owned about 75% of the stock and provided most of the administrative direction of the corporation. He hired and fired employees and fixed their salaries. A third officer served as comptroller. Weinberg ran the service department, which was the department conducting the day-to-day business of the corporation. The employees who had worked for Weinberg's original corporation continued to work for the new corporation.

Weinberg held the office of executive vice president until his resignation which became effective October 15, 1984. At all material times, Weinberg was a shareholder and at one point, at least, his ownership interest was 26%. He was authorized to borrow money on behalf of the corporation and did so. He was authorized to sign and did sign numerous corporate checks. He signed at least one "Employer's Quarterly Tax Return" for the corporation.

Whether one is a "responsible person" so as to fall within § 6672 "is a matter of status, duty and authority, not knowledge". *Roth v. United States*, 779 F.2d 1567, 1573 (11th Cir.1986).

"The fact that others may also have the duty and authority to remit the taxes does not relieve the [one] of section 6672 liability." *Neckles v. United States*, 579 F.2d 938, 940 (5th Cir.1978).

The effect of the statute is not restricted to "the" responsible person. It is aimed at every person who had "significant control over disbursements", even if that individual did not always have "the 'final' say about paying creditors".

Recognized indicia of responsible person status include the holding of corporate office, the authority to write checks on corporate accounts, the running of the day-to-

day operations of the corporation, the handling of corporate financial affairs, the ownership of stock or the holding of an entrepreneurial stake in the corporation, as well as the existence of other significant authority, such as the ability to hire and fire personnel. *Roth v. United States* at 1569.

"To be a responsible person for a tax quarter, one need not be a responsible person at the end of the quarter so long as responsible during the quarter." *Id.* at 1573.

I find that Weinberg was a responsible person with respect to the unpaid taxes during the five quarters at issue here.

■ Liability attaches to a responsible person under § 6672 only upon his "willful" failure to collect, account for or pay the taxes. The term "willful" is defined as:

"a voluntary, conscious and intentional act, such as payment of other creditors in preference to the United States, although bad motive or evil intent need not be shown. [citations omitted]. The willfulness requirement is satisfied if the responsible person acts with a reckless disregard of a known or obvious risk that trust funds may not be remitted to the Government ... such as by failing to investigate or to correct mismanagement after being notified that withholding taxes have not been duly remitted." *Mazo v. United States*, 591 F.2d 1151, 1154 (5th Cir.) *cert. denied sub nom., Lattimore v. United States*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979).

From its inception, the corporation experienced financial difficulties. In the beginning, it contracted with ADP to handle the payroll. ADP cancelled this service within a few weeks because of the corporation's failure to have sufficient money to make the payroll and pay the taxes. The corporation constantly bounced checks and had difficulties paying its suppliers and employees. Several of its vehicles used for customer service were repossessed. The business premises were padlocked at least twice for the failure to pay rent. Several

meetings of the corporate officers, including Weinberg, were held to discuss the corporation's financial difficulties. Weinberg was completely aware that the withholding taxes were not being paid and of the continuing financial difficulties of the corporation while he continued to sign checks to pay other creditors of the corporation. He signed one corporate check to his daughter, which he endorsed to pay her back some money she had apparently loaned the corporation.

I find that Weinberg willfully failed to collect, account for or pay over the withheld taxes in question here. The debtor's objection to the foregoing assessment and Claim No. 4 to the extent that it includes that assessment is denied.

Claim No. 4 also embraces two other tax claims. The instant objection did not reach those claims, which are not, therefore, the subject matter of this hearing nor are they affected by this order.

The parties differ as to who has the burden of proof. I am persuaded that the person assessed has the burden of proving that he was not a responsible person or that his failure to pay over the withholding taxes was not willful. *Hornsby v. Internal Revenue Service*, 588 F.2d 952, 953 (5th Cir.1979). However, in this instance, the foregoing findings are not based upon that fact. Had the burden of proof been upon the Government, I would still have reached the same findings.