Elliott T. WILLIAMS,
Plaintiff-counterclaim
defendant,

v.

UNITED STATES of America, Defendant–Third–party plaintiff-counterclaim plaintiff-Appellant,

v.

Larry HOUSE, Third-party
defendant-counterclaim
defendant-Appellee.

No. 90–7157.

United States Court of Appeals,
Eleventh Circuit.

Aug. 21, 1991.

Frank W. Donaldson, U.S. Atty., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., Gary R. Allen, Chief, David M. Moore, Richard Farber, Brian C. Griffin, James A. Bruton, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for defendant-third party plaintiff-appellant.

Stephen L. Poer, Haskell, Slaughter & Young, Birmingham, Ala., for third-party defendant-appellee.

ON PETITION FOR REHEARING

Before CLARK and BIRCH, Circuit Judges, and COFFIN *, Senior Circuit Judge.

BIRCH, Circuit Judge:

In light of *First Nat'l Bank in Palm Beach v. United States,* 591 F.2d 1143 (5th Cir.1979), we SUPPLEMENT our prior opinion in this case by expanding our instructions for remand to the United States District Court for the Northern District of Alabama (the "District Court"). In so doing we GRANT the Petition for Rehearing.

In *First Nat'l Bank in Palm Beach,* a case binding on this court under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as precedent all decisions of the Fifth Circuit handed down prior to October 1, 1981), the former Fifth Circuit twice stated that a responsible person is liable under Section 6672 of the Internal Revenue Code, 26 U.S.C. § 6672,

* Honorable Frank M. Coffin, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

for a penalty equal in amount to the tax-payer-corporation's federal withholding tax liability, but *not* for interest and penalties the taxpayer-corporation has incurred for failure to pay withholding taxes. *First Nat'l Bank in Palm Beach*, 591 F.2d at 1146, 1149 ("[U]nder § 6672, responsible persons may be liable for a 100 percent penalty for withholding taxes not paid by their corporation, but not for penalties and interest assessed against the corporation for failure to pay withholding tax." and "[Section] 6672 limits the liability of responsible persons to liability for the tax-payer-corporation's withholding obligation, and does not penalize them for the corporation's liability for interest and penalties for late payment of withholding taxes.").[1] Thus, neither Larry House nor Elliot Williams can be held liable for the penalties and interest incurred by American Intermedical Resources, Inc. for its failure to pay federal employment taxes withheld from the wages of its employees.

Accordingly, we instruct the District Court that on remand, in addition to entering judgment in favor of the IRS, the appropriate amount of Larry House's section 6672 liability must be determined in accordance with this opinion.

---

**1.** The *First Nat'l Bank in Palm Beach* court did recognize that this rule might result in the inability of the Internal Revenue Service (the "IRS") to collect the entire withholding tax debt owed by the taxpayer-corporation. *Id.* at 1149.