**In re James Charles LYNCH, Debtor.**

**Bankruptcy No. 92–80684–EDB–13.**

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

June 28, 1995.

R. David McDowell, Huntsville, AL, for Debtor.

Scott Crosby, Washington, DC, for I.R.S.

Philip A. Geddes, Chapter 13 Standing Trustee.

## ORDER OVERRULING THE DEBTOR'S OBJECTION TO THE CLAIM OF THE INTERNAL REVENUE SERVICE

BENJAMIN COHEN, Bankruptcy Judge.

This matter is before the Court on the *Debtor's Objection to Allowance of Claim* of the Internal Revenue Service. The IRS filed its claim in this case on October 28, 1992, in the amount $101,853.91 for unpaid withholding taxes for the second and third calendar quarters of 1990. The claim was docketed as claim No. 17 and included a secured portion of $100,882.78 and an unsecured portion of $971.13.

Pretrial conferences were held and after notice, a hearing was held on June 1, 1995. The Debtor; R. David McDowell, attorney for the Debtor; Scott J. Crosby, attorney for the IRS; and Robert Freeman, a representative of the IRS, appeared. George Cameron Belchic, Elisabeth Meigs Gambrell and Renee Donaldson Harris, former employees of Assets Protection Associates, Inc.; and Mary Lynch, the wife of the Debtor, appeared as witnesses along with the Debtor and Mr. Freeman. After the Debtor's presentation of his case the IRS made an oral Motion for Judgment as a Matter of Law. That motion was denied. The IRS renewed the motion after presentation of its case. That motion was taken under advisement along with the Debtor's objection to the IRS claim and both were submitted to the Court on the testimony of the witnesses, exhibits admitted during trial and arguments of counsel.[1]

### Summary of Holding

The Debtor is a responsible person who willfully failed to collect, account for and pay

---

1. Because the Court finds for the IRS on the objection to claim issue, the Court need not consider the pending Motion for Judgment as a Matter of Law, and considers it moot.

over both federal income taxes and employees' share of FICA taxes which sections 3102(a) and 3402(a) of the Internal Revenue Code require to be withheld from employees' wages.

### I. Contentions of the Parties

The taxes at issue are employees' taxes required to be withheld by an employer. The IRS contends that the taxes, due from a corporation operated by the Debtor, are trust fund taxes and are assessable against the Debtor as he is a responsible person pursuant to section 6672 of the Internal Revenue Code of 1986. The IRS contends that the Debtor, as the responsible person of the corporation, Assets Protection Associates, Inc. which was required to withhold and pay those taxes, is now liable for those taxes. The Debtor contends that other employees were responsible for payroll matters and that following the tax accrual subject period, the Debtor left the organization, agreed with new management and the corporation that they would be obligated to pay the taxes and that an installment agreement entered into by the corporation and the IRS relieved the Debtor of all liability.

### II. Findings of Fact

The facts of this matter are disputed. From the testimony of the witnesses and the documents introduced at trial, the Court makes the following findings.

The Court can summarize the Debtor's testimony of his distinguished military and business background. The Debtor was a highly decorated military veteran and former government intelligence and security officer. He enlisted in the United States Army in 1942 and later attended officer training school. He served in Europe during World War II and was honored with a silver star, two bronze stars, an oak leaf cluster and other awards. Following his military service the Debtor worked in the hotel business in Florida but returned to the military and served during the Korean conflict. Following that service the Debtor became a civilian intelligence and security officer for the Unit-

ed States government and served in that capacity in France as a highly ranked individual with the North Atlantic Treaty Organization (NATO). He retired from government service in 1972 and started a security consultant business in 1973 which later became a security guard provider business under the corporate name of Assets Protection Associates, Inc.[2]

The Debtor also testified about the early times in his business. The corporation employed approximately 350 guards during its best times. As the business grew and became more complicated the Debtor hired someone to assume the guard scheduling tasks, someone to help him solicit business and someone as a secretary and receptionist. The corporation had a gross income in its first year of business of $228,000.00 with a profit of approximately two percent. Availability of cash was a constant problem and around 1974 or 1975 the Debtor hired someone to help with the financial affairs of the corporation. In 1986 or 1987 the corporation created a comptroller position with general duties relating to employee payrolls, insurance and financial details.

The Debtor testified that his duties at this same time were managerial. He testified that he was responsible for current contracts, employee problems and for soliciting new business. A former comptroller of the business, Ms. Elizabeth Meigs Gambrell and a former payroll clerk, Ms. Rene Donaldson Harris, both testified that the Debtor was active in the day to day affairs of the business, that he signed payroll checks, gave each of them authority to use his signature stamp when he was away from the office, that he was aware of the reasons that checks were written, and that he specifically was aware during the subject calendar quarters, that the withholding taxes due were not paid. Ms. Harris testified that the Debtor reviewed a list of items for payment that she prepared and that the Debtor would decide which items on that list were to be paid. She also testified that after the subject taxes were

---

**2.** The Government's Trial Memorandum states that the IRS filed its proof of claim for unpaid employment taxes of "North American Mining Co., Inc." The Court is not aware of the connec-tion of the Debtor to this corporation or its connection to Assets Protection Associates, Inc. The proof of claim however appears to be in proper order.

due, and after she or Ms. Gambrell had told the Debtor that these taxes were due, that the Debtor authorized the payment of other debts.

The Debtor also testified about his knowledge about the subject taxes. During the second and third calendar quarters of 1990, the quarters subject to the IRS tax claim, the Debtor was the president of Assets Protection Associates, Inc. He was a shareholder, a director and when the corporation was formed he was an incorporator. Before, during and after the first two calendar quarters of 1990, the Debtor had signature authority on the corporations checking account. He had the ability to hire and fire employees.

The Debtor disputes the time at which the government contends that he learned that the taxes were not being paid but he admits that after he had that knowledge other creditors were paid, including the payment to himself for the then due installments on a loan he made to the corporation, the continued payments of interest to his wife and son on loans that his wife and son had made to the corporation, and that payments were made for the corporation's current payroll.[3] The taxes however were not paid.

The Debtor testified that he left the corporation in 1991 after a lengthy dispute with other stockholders. Debtor's exhibit 5, a settlement agreement between the Debtor and his antagonists, was executed on August 16, 1991 to conclude then pending state court litigation. That agreement explains the relationships of the parties.[4] The other parties to the agreement agreed to make best efforts to meet existing obligations of the corporation including those due the IRS. The parties agreed that certain taxes had not been paid.

On November 11, 1990, the IRS and the corporation entered an installment Agreement where the corporation could pay the delinquent withholding taxes in $5000.00 monthly installments. The Debtor signed that agreement in his capacity as president of the corporation.

The Debtor does not dispute that certain taxes are due or dispute the governments calculation of the current amount due. The parties agree that, after credits for proceeds from some sales and payments from other persons, that the proper amount, as of the date of the hearing on this matter, is $88,-185.69.[5]

## III. Discussion

■■■ If a debtor is to be held responsible for unpaid withholding taxes, a court must find pursuant to section 6672 of the Internal Revenue Code that the debtor was a person, "required to collect, truthfully account for, and pay over any tax." 26 U.S.C. § 6672(a). The taxes in this matter are federal income taxes and the employees' share of FICA taxes which sections 3102(a) and 3402(a) of the Internal Revenue Code require an employer to withhold from employees' wages. The Debtor's liability for these taxes "is predicated upon his being a 'responsible person' within the meaning of § 6672 who willfully failed to turn over to the government federal employment taxes withheld from employees' paychecks." *George v. United States*, 819 F.2d 1008, 1011 (11th Cir.1987) (footnote omitted). The court in *George* recognized a two part test for trial courts to administer in determining the issue of individual liability. The court's per curiam opinion explains, "Liability may be imposed only upon (1) a responsible person, who has (2) willfully failed to perform a duty to collect, account [for], or pay over the taxes." *Id.* (citations omitted) (parenthetical added). This Court finds, having applied this test to the facts of this matter, that the Debtor was a responsible person within the meaning of section 6672 who willfully failed to collect,

---

3. On November 8, 1990 the Debtor signed the original of what became IRS exhibit # 10, which is an IRS Form 4180—Report of Interview Held with Persons Relative to Recommendation of 100–Percent Penalty Assessments. Question 23 on that form asks, "When did you first become aware that the tax liability was not paid?" The answer given was "Around May of 90."

4. The agreement refers to a bankruptcy petition pending at the time the agreement was executed. The agreement recites that approval of the agreement by the bankruptcy court was necessary. No evidence of this aspect of the agreement was presented to this Court.

5. The unsecured portion of the IRS claim is not subject to the instant controversy.

account for or pay over taxes accruing during the period subject to the IRS claim.[6]

## A. Responsible Person

■ The standard this Court considered in finding that the Debtor was a "responsible person" under section 6672 is well established in this circuit.[7] It is:

> A responsible person within the meaning of § 6672 includes an officer or employee of a corporation who is under a duty to collect, account for, or pay over the withheld tax. *Mazo*, 591 F.2d at 1153. Responsibility is a "matter of status, duty and authority, not knowledge." *Id.* at 1156. Indicia of responsibility includes the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees.

*Thibodeau v. United States*, 828 F.2d 1499, 1503 (11th Cir.1987).

■ Applying the above standard to the facts before this Court, the Court finds that as a matter of law the Debtor is a "responsible person" for purposes of section 6672. The Debtor held a corporate office, had control over the corporation's financial affairs, had the authority to disburse corporate funds, was a stockholder and had the ability to hire and fire employees.

6. Of this test the circuit court later wrote:

> Although § 6672 refers to "(a) any person required to collect, truthfully account for and pay over any tax imposed by this title," the Supreme Court has interpreted these three obligations as Disjunctive. *Slodov v. United States*, 436 U.S. 238, 246–49, 98 S.Ct. 1778, 1785, 56 L.Ed.2d 251 (1978). Thus, liability may be imposed upon a responsible person who willfully fails to collect, account for, or pay over the taxes at issue. *See George v. United States*, 819 F.2d 1008, 1011 n. 3 (11th Cir.1987).

*Thibodeau v. United States*, 828 F.2d 1499, 1504 n. 8 (11th Cir.1987).

7. See, *Williams v. United States*, 931 F.2d 805, 810 (11th Cir.1991), *modified*, 939 F.2d 915 (11th Cir.1991); *Thibodeau v. United States*, 828 F.2d 1499, 1503 (11th Cir.1987); *George v. United States*, 819 F.2d 1008, 1011 (11th Cir.1987); *Tsouprake v. United States*, 797 F.Supp. 962, 966

## B. Willfulness

■ The standard this Court considered in finding that the Debtor willfully failed to collect, account for or pay over the required taxes, under section 6672 is as equally established in this circuit as the standard regarding a "responsible person." [8] It is:

> The willfulness requirement is met if the responsible person prefers other creditors to the government, or shows a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the government such as by failing to investigate or correct mismanagement after being notified that withholding taxes have not been duly remitted."

*George v. United States*, 819 F.2d 1008, 1011–1012 (11th Cir.1987) (citing *Mazo v. United States*, 591 F.2d 1151, 1154 (5th Cir. 1979), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979) (other citations omitted in original)). Four years later the circuit court affirmed this standard in saying, "This court has held the willfulness requirement of section 6672 is satisfied if the responsible person has knowledge of payments to creditors after he becomes aware of the failure to remit the withheld taxes." *Williams v. United States*, 931 F.2d 805, 811 (11th Cir.1991) (citations omitted), *modified*, 939 F.2d 915 (11th Cir.1991).[9]

■ Applying the above standard to the facts before this Court, the Court finds that

(S.D.Fla.1992); *Pippinger v. United States*, 117 B.R. 756, 759 (Bankr.M.D.Ga.1990); *Hanshaw v. United States*, 94 B.R. 753, 756 (Bankr.M.D.Fla. 1988).

8. See, *Williams v. United States*, 931 F.2d 805, 810 (11th Cir.1991), *modified*, 939 F.2d 915 (11th Cir.1991); *Thibodeau v. United States*, 828 F.2d 1499, 1505 (11th Cir.1987); *George v. United States*, 819 F.2d 1008, 1011–1012 (11th Cir. 1987); *Tsouprake v. United States*, 797 F.Supp. 962, 967 (S.D.Fla.1992); *Pippinger v. United States*, 117 B.R. 756, 759–760 (Bankr.M.D.Ga. 1990); *Hanshaw v. United States*, 94 B.R. 753, 756 (Bankr.M.D.Fla.1988).

9. The element of willfulness does not require "that the responsible person act by a bad motive or the specific intent to defraud the government or deprive it of revenue." *Hanshaw v. United States*, 94 B.R. 753, 756 (Bankr.M.D.Fla.1988) (citing *Sherman v. United States*, 490 F.Supp. 747, 754 (E.D.Mich.1980)).

as a matter of law the Debtor willfully failed to collect, account for or pay over the required taxes, under section 6672. The Debtor had knowledge of payments to other creditors after he was aware of the failure of the corporation to pay the withheld taxes.

### C. The Debtor's Defense

The Debtor maintains that the settlement agreement he entered with other stockholders required those stockholders or the corporation to pay the delinquent taxes. While the Debtor may have a resulting action against those parties, his agreement with them cannot limit his personal liability. The Debtor also maintains that the installment agreement executed by the corporation with the IRS supplants his responsibility for the taxes. This agreement was between the IRS and the corporation. The IRS did not enter a personal agreement with the Debtor. The installment agreement cannot limit the Debtor's personal liability. In either event, "[u]nder no circumstances does the delegation of the obligation to pay taxes relieve a responsible person of liability." *George v. United States,* 819 F.2d 1008, 1012 (11th Cir.1987) (citing *Hornsby v. IRS,* 588 F.2d 952, 954 (5th Cir.1979); *Mazo v. United States,* 591 F.2d 1151, 1154 (5th Cir.1979), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979)).

### IV. Conclusion

Based on the evidence before it the Court finds that the Debtor is a responsible person who willfully failed to collect, account for and pay over federal income taxes and the corporation's employees' share of FICA taxes which sections 3102(a) and 3402(a) of the Internal Revenue Code required the corporation to withhold from the employees' wages.

### Order

It is therefore **ORDERED** that the Debtor's Objection to Allowance of Claim is **OVERRULED**.