[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/21/99
THOMAS  K. KAHN
CLERK

No. 97-5180

D.C. Docket No. 95-CV-6944

JUNE HARRIS,

Plaintiff-Counter-Defendant-Appellee
Cross-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Counter-Claimant-
Third-Party Plaintiff-Appellant,
Cross-Appellee.

versus

OSCAR LUSSIER HARRIS,

Third-Party Defendant.

Appeals from the United States District Court
for the Southern District of Florida

**(May 21, 1999)**

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Under section 6672 of the Internal Revenue Code (26 U.S.C.), any officer or employee of a corporation who is responsible for the collection or payment of federal employment taxes (a "responsible person") who willfully fails to pay such taxes is liable for a penalty equal to the unpaid amount.[1]  Pursuant to this statute, the Internal Revenue Service made penalty assessments for unpaid taxes in the amount of $86,421.37 against Oscar Eugene Lussier and June Harris after Savoy Electronics, Inc. ("Savoy"), failed to pay withholding and social security taxes for the last three quarters of 1991.  Lussier was Savoy's president, and Harris was vice-president of sales.  Harris paid a divisible portion of the assessment ($450) and then brought this suit under 26 U.S.C. § 7422(a) (1994) seeking a refund of that payment and cancellation of the assessment.  The Government counterclaimed against Harris for the unpaid portion of the assessment.  The Government also impleaded Lussier as a third-party defendant and asserted a claim for the unpaid assessment against him.

Harris moved for summary judgment, contending that as a matter of law she was not a "responsible person" within the meaning of section 6672.  To support her contention, Harris argued that she lacked the characteristics of a responsible person, which include the holding of corporate office, control over financial affairs, the authority to disburse corporate funds,

---

[1] 26 U.S.C. § 6672(a) (1994) states:
Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

ownership of stock in the company, and the authority to hire and fire employees. See George v. United States, 819 F.2d 1008, 1011 (11th Cir. 1987).

First, Harris claimed that her job responsibilities did not include control over Savoy's financial or tax matters; she stated that she did not even know that Savoy was delinquent on its tax payments until her employment was terminated in January 1992. Second, Harris claimed that she only had limited authority to disburse funds; although she had the authority to sign routine checks (such as "recurring payroll checks to employees"), she could not sign other checks without the express approval of Lussier or his wife. Third, Harris stated that she did not own stock in Savoy. Fourth, Harris asserted that she had virtually no authority to hire and fire employees; although she probably had the authority to hire and fire employees in the sales department, she could only take such action subject to Lussier's approval.[2]

In response to Harris' motion, the Government submitted a number of documents to demonstrate that a genuine issue of material fact existed as to whether Harris was a responsible person. These documents included the corporate resolution and bank signature cards that gave Harris the authority (without limitation) to sign checks on behalf of Savoy, two Savoy checks signed by Harris in payment of unemployment taxes, a copy of an IRS form in which Harris admitted that she loaned money to the corporation to pay its payroll, and a signed declaration from Lussier that stated, inter alia, that Harris was authorized to sign checks on behalf of Savoy and that she was a shareholder of Savoy's publicly-owned parent company.

---

[2] Harris also submitted the affidavits of three Savoy employees, each of whom stated that Harris neither had the authority to sign checks without Lussier's approval nor had control over Savoy's financial and tax affairs.

3

On August 27, 1996, the district court granted Harris' motion for summary judgment, on the ground that the Government failed to offer any "real evidence" that Harris was a responsible person.[3] A docket entry accompanying the court's order stated that the pending motions relating to the Government's claim against Lussier were moot, and a second docket entry stated that the case was closed. The Government then filed a motion to reopen the case because its claim against Lussier had not been adjudicated; the district court denied the motion. In response, the Government moved the court to certify its judgment in favor of Harris under Fed. R. Civ. P. 54(b). The court granted the motion, but then entered final judgment in favor of Harris under Fed. R. Civ. P. 58, and ordered the case closed.

The Government now appeals the court's grant of summary judgment in favor of Harris and its denial of the Government's motion to reopen its case against Lussier.

I.

As an initial matter, we must determine whether we have jurisdiction to entertain this appeal. Absent some exception, we have jurisdiction over appeals only from final judgments of a district court. See 28 U.S.C. § 1291 (1994). When there are multiple parties in the case, the court can enter final judgment against fewer than all of the parties only if it certifies pursuant to Rule 54(b) that "there is no just reason for delay." Fed. R. Civ. P. 54(b); accord Schoenfeld v. Babbitt, 168 F.3d 1257, 1265 (11th Cir. 1999).

---

[3] Because the district court concluded that Harris was not a responsible person, it did not address the question of whether she "willfully" failed to pay the delinquent taxes.

4

In the case before us, the district court has not entered final judgment regarding the Government's claim against Lussier; thus, that claim is still pending in the district court, and we do not have jurisdiction to hear the Government's appeal regarding that claim.

We conclude that we do have jurisdiction to hear the Government's appeal against Harris. Although the district court entered final judgment in favor of Harris under Rule 58, we construe the court's order as constituting a final judgment pursuant to Rule 54(b). We do so for two reasons. First, the Government moved the court to certify its judgment in favor of Harris under Rule 54(b), and the district court stated in its order that it was granting that motion. Second, because the court had not rendered a final decision regarding the claim against Lussier, it could not have entered final judgment in favor of Harris unless it did so under Rule 54(b); thus, it is logical to assume that the court intended to enter judgment pursuant to that rule. We therefore proceed to review the merits of the Government's appeal of the entry of summary judgment for Harris.

## II.

In determining whether an individual qualifies as a responsible person under section 6672, the court must examine the individual's status, duty, and authority within the corporation, not her knowledge of the tax liability. See Mazo v. United States, 591 F.2d 1151, 1156 (5th Cir. 1979).[4] Liability attaches to any person who, based on her status in the corporation, has the "actual authority or ability" to pay the taxes. Barnett v. I.R.S., 988 F.2d 1449, 1454 (5th Cir.

___

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1993). As we have stated, indicia of a responsible person include the holding of corporate office, control of financial matters, the authority to disburse corporate funds, ownership of stock in the company, and the authority to hire and fire employees.[5] See George v. United States, 819 F.2d 1008, 1011 (11th Cir. 1987). We conclude that there was a genuine issue of material fact as to whether Harris fit this definition of a responsible person.[6]

The Government offered substantial evidence that indicated Harris' responsibility under section 6672. First, it submitted Lussier's declaration that Harris had the authority to sign checks on behalf of Savoy, and the corporate resolution and bank signature cards that granted her such authority. These documents refuted Harris' contention that her authority to disburse corporate funds was limited; although Harris claimed that she could sign non-routine checks only with approval, the Government's evidence indicated that her check-signing authority was unlimited.[7]

---

[5] Courts have "taken a broad view of who constitutes a responsible person." Smith v. United States, 894 F.2d 1549, 1553 (11th Cir. 1990).

[6] We review a district court's grant of summary judgment de novo. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1117 (11th Cir. 1993). We affirm the grant of summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The non-moving party is entitled to all reasonable factual inferences that may be drawn from the evidence. See Rayle Tech, Inc. v. DEKALB Swine Breeders, Inc., 133 F.3d 1405, 1409 (11th Cir. 1998).

[7] Furthermore, even if Harris' check-signing authority was limited to routine checks, there is an issue of material fact as to whether Savoy's tax payments were routine. During the relevant time period, employers whose payroll taxes exceeded $500 per month were required to pay the taxes on a monthly basis, and employers whose taxes exceeded $3000 after any three to four day period were required to pay the taxes within three banking days of the end of that period. See Treas. Reg. § 31.6302(c)-1(a)(1)(i), (ii). In light of the amount of the assessment ($86,421.37) and the fact that Savoy at times employed nearly 100 employees, Savoy at least was required to pay its payroll taxes every month, and potentially was required to pay several times per month. A reasonable fact finder could conclude that these payments were "routine," and therefore that Harris had the authority to pay these taxes without first obtaining the approval

6

Second, the Government's evidence indicated that Harris was a shareholder of Savoy's publicly-owned parent company, and therefore that she indirectly owned stock in Savoy. A reasonable trier of fact could conclude that Harris' indirect ownership interest, together with her status as an officer of the corporation, afforded her sufficient authority to ensure that the taxes were paid.

Third, the Government offered two Savoy checks signed by Harris in payment of unemployment taxes. This evidence refutes her contention that she had no control over Savoy's financial or tax affairs; it demonstrates that Harris has paid taxes on behalf of Savoy in the past, and therefore suggests that she had the ability to pay Savoy's delinquent withholding and social security taxes.

Finally, the Government submitted the IRS form on which Harris admitted that she loaned Savoy money to pay its payroll. It is reasonable to infer that a person who helped the corporation meet its payroll could exert substantial influence over the payment of payroll taxes. Thus, the Government's evidence suggested that Harris had the ability to pay the delinquent taxes.

In sum, we conclude that the Government's evidence was sufficient to raise a genuine issue of material fact as to whether Harris was a responsible person under section 6672; thus the district court inappropriately granted summary judgment in favor of Harris.

III.

---

of Lussier or his wife.

7

For the foregoing reasons, we vacate the district court's entry of summary judgment in favor of Harris and remand the case for further proceedings. In addition to conducting further proceedings on Harris' claim against the Government and the Government's counterclaim, we assume that the district court will entertain the Government's claim against Lussier.

VACATED and REMANDED.