June HARRIS, Plaintiff–
Counter–Defendant,

v.

UNITED STATES of America, Defendant–Counter–Claimant–
Third–Party Plaintiff,

v.

Oscar Lussier, Third–Party Defendant.

No. 95–6944–CIV.

United States District Court,
S.D. Florida,
Miami Division.

April 5, 2000.

Edward P. Phillips, Coral Springs, FL, for plaintiff/counter-defendant.

Grisel Alonso, Asst. U.S. Atty., Miami, FL, for U.S.

Oscar Lussier, Wilton Manor, FL, third-party-defendant pro se.

### *ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THIRD–PARTY DEFENDANT OSCAR LUSSIER BY DEFAULT*

LENARD, District Judge.

**THIS CAUSE** is before the Court on the Motion for Partial Summary Judgment against Third–Party Defendant Oscar Lussier, filed by the Government February 29, 2000. No response was filed. Having reviewed the Motion and the record, the Court finds as follows.

### I. Summary Judgment Is Granted by Default

Federal Rule of Civil Procedure 56(e) provides in pertinent part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond,

summary judgment, if appropriate, shall be entered against the adverse party. Since Third–Party Defendant Lussier has not filed a response to the Government's Motion for Partial Summary Judgment, filed February 29, 2000, the Motion for Partial Summary Judgment is granted by default.

Guided by the following suggestion by the Eleventh Circuit, the Court nevertheless analyzes the Government's Motion for Partial Summary Judgment

> We recognize that Rule 52(a) of the Federal Rules of Civil Procedure states that findings of fact and conclusions of law are unnecessary for decisions on motions under Rules 12 and 56. Nevertheless, with particular regard to a grant of summary judgment, it is helpful to understand the reasoning of the district court.

*Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 839 n. 20 (11th Cir.1990) (discussing district court's grant of unopposed motion for summary judgment by default).

## II. Standard of Review for Summary Judgment

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *see also Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *see also* Fed.R.Civ.P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348; *see also Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

## III. Factual Background

Plaintiff June Harris sued the Government for refund and abatement of tax assessed against her under the Internal Revenue Code ("IRC"), 26 U.S.C. § 6672, as a person responsible for withholding and paying over employment taxes who willfully failed to do so. The Government then counterclaimed against Plaintiff Harris and Third–Party Defendant Lussier, who were "assessed what is commonly known as the 100–percent penalty for the same amount of tax which was not withheld from the wages of employees of Savoy Electronics, Inc. ("Savoy")." (Gov't.'s Mot. Partial Summ.J. at 1.)"

As Savoy's President during the second, third, and fourth quarters of 1991, Third–Party Defendant Lussier was responsible for running the company. (*See* Lussier Dep. at 15 & 20.) Third–Party Defendant Lussier testified that he (a) was responsible for seeing that the taxes at issue were paid; (b) had check-signing authority on behalf of Savoy and exercised it; (c) customarily signed payroll checks for Savoy employees; (d) occasionally signed payroll checks when there were insufficient funds in Savoy's account to cover the checks; (e) paid employees without withholding or setting aside funds for withholding taxes; (e) used withholding taxes to fund corporate operations; and (f) paid other corporate obligations at the time the withholding tax liabilities were accruing. (*See id.* at 21, 40–42 & 55.)

The Government notified the Court that Plaintiff Harris and the Government are engaged in settlement negotiations. The Government further informed the Court that "the practice of the United States is to collect the full amount of the tax penalty only once, so that a payment by one responsible person[ ] is credited against the liability of all other responsible persons." (*See* Gov't.'s Mot. Partial Summ.J. at 2.) Thus, the Government seeks summary judgment as to Third–Party Defendant Lussier's liability for the 100–percent penalty.

## IV. Analysis

The Court must determine whether Third–Party Defendant is liable to the Government for taxes it willfully failed to withhold and pay.

Section 3402(a) of the IRC provides in pertinent part, "Except as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary." 26 U.S.C. § 3402(a); *see United States v. Park Cities Bank & Trust Co.*, 481 F.2d 738, 739 (5th Cir.1973).[1] Each employee receives a tax credit for the amount withheld from his wages. *See id.* (citing 26 U.S.C. § 31(a)). The Court finds that employees receive these tax credits, regardless of whether the Government ultimately receives the tax payment; thus, resulting in a loss of tax revenue for the Government.

Congress therefore enacted 26 U.S.C. § 6672(a) (West Supp.1994) to protect the Government from such losses.[2] "Under

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit, including Unit A, handed down prior to October 1, 1981.

**2.** 26 U.S.C. § 6672(a) provides in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax ... who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall be personally liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

section 6672 of the Internal Revenue Code (26 U.S.C.), any officer or employee of a corporation who is responsible for the collection or payment of federal employment taxes (a 'responsible person') who willfully fails to pay such taxes is liable for a penalty equal to the unpaid amount." *Harris v. United States,* 175 F.3d 1318, 1319 (11th Cir.1999) (finding genuine issue of material fact as to whether Plaintiff Harris, Savoy's vice president, was "responsible person" precluded summary judgment in favor of Plaintiff Harris). That penalty is known as the "100 percent penalty." *Williams v. United States,* 939 F.2d 915, 916 (11th Cir.1991) (quoting *First Nat'l Bank in Palm Beach v. United States,* 591 F.2d 1143, 1146 & 1149 (5th Cir.1979)).

The Court's examination of whether Third–Party Defendant Lussier is liable to the Government divides into two questions: (a) whether he is a "responsible person" under the statute; and (b) if so, whether he has proven a lack of willfulness. The Court discusses these questions individually.

### A. Third–Party Defendant Lussier Is a "Responsible Person"

■ On the basis of the following evidence the Eleventh Circuit found a genuine issue of fact existed as to whether Plaintiff Harris was a "responsible person" under 26 U.S.C. § 6672(a):

the Government submitted a number of documents to demonstrate that a genuine issue of material fact existed as to whether Harris was a responsible person. These documents included the corporate resolution and bank signature cards that gave Harris the authority (without limitation) to sign checks on behalf of Savoy, two Savoy checks signed by Harris in payment of unemployment taxes, a copy of an IRS form in which Harris admitted that she loaned money to the corporation to pay its payroll, and a signed declaration from Lussier that stated, inter alia, that Harris was authorized to sign checks on

behalf of Savoy and that she was a shareholder of Savoy's publicly-owned parent company.

*Harris,* 175 F.3d at 1319–20. Applying the *Harris* court's findings to the matter before this Court, the Court finds as a matter of law that Third–Party Defendant Lussier, President of Savoy, is a responsible person, on the basis of his own testimony. In support of this legal conclusion, the Court finds that he (a) was responsible for seeing that the taxes at issue were paid; (b) had check-signing authority on behalf of Savoy and exercised it; (c) customarily signed payroll checks for Savoy employees; and (d) occasionally signed payroll checks when there were insufficient funds in Savoy's account to cover the checks. (*See* Lussier Dep. at 21 & 40.)

### B. Third–Party Defendant Lussier Does Not Prove Lack of Willfulness

■ "Once it is established that a taxpayer is a responsible person, the burden of proving lack of willfulness is on the taxpayer." *Thibodeau v. United States,* 828 F.2d 1499, 1505 (11th Cir.1987) (citing *Mazo v. United States,* 591 F.2d 1151, 1155 (5th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979)).

■ The *Mazo* court elaborated on the meaning of "willfully" within 26 U.S.C. § 6672(a): "The term 'willfully' is defined by prior cases as meaning, in general, a voluntary, conscious, and intentional act, such as payment of other creditors in preference to the United States, although bad motive or evil intent need not be shown." *Mazo,* 591 F.2d at 1154 (citations omitted). In determining whether the responsible person's conduct was "willful," the Court does not consider whether the disbursement to creditors occurs before or after the tax payment was due. *See Thibodeau,* 828 F.2d at 1505 (citing *Newsome v. United States,* 431 F.2d 742, 745 (5th Cir.1970)).

■ In *Thibodeau,* the Court found the responsible person's conduct was willful

under § 6672(a) because (1) he signed checks to creditors and employees in excess of the amount of tax liability owed to the government, and (2) he failed to segregate the withheld taxes into a special trust fund, statutorily required by 26 U.S.C. § 7501. *See Thibodeau*, 828 F.2d at 1506. Applying the *Thibodeau* court's findings to the facts *sub judice*, the Court finds Third–Party Defendant Lussier has failed to prove lack of willfulness § 6672(a), as he (a) paid employees without withholding or setting aside funds for withholding taxes and thus did not segregate the funds into a separate trust fund; (b) used withholding taxes to fund corporate operations; and (c) paid other corporate obligations at the time the withholding tax liabilities were accruing. (*See* Lussier Dep. at 41–42 & 55.)

### V. Conclusion

The Court therefore finds Third–Party Defendant Lussier is a "responsible person," who "willfully" failed to collect, truthfully account for, or pay over the tax owed to the Government. In addition, he did not respond to the Government's Motion for Partial Summary Judgment. Thus, the Court concludes Third–Party Defendant Lussier is liable to the Government for the 100 percent tax penalty. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment against Third–Party Defendant Oscar Lussier, filed by the Government February 29, 2000, is **GRANTED** by default.